**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

THANH TAM NGUYEN and MDA LLC*,*

                    Civil No. 25-1750 (JRT/JFD)

        Plaintiffs,

v.

                    **MEMORANDUM OPINION AND ORDER**
CLARENCE WILLIAM RAMSEY, III;      **GRANTING PLAINTIFFS' MOTION TO**
SHYROCK MCA HOLDING, LLC; CALHOUN  **DISMISS AMENDED COUNTERCLAIM**
REALTY COMPANY *d/b/a Calhoun*
*Companies*; MANOJ MOORJANI; and
BRENT JOSEPH JOHNSON,

        Defendants.

---

Andrew T. James and Casey D. Marshall, **BASSFORD REMELE PA**, 100 South Fifth Street, Suite 1500, Minneapolis, MN 55402, for Plaintiffs.

Paul W. Chamberlain, **CHAMBERLAIN LAW FIRM, PLLC**, 1907 Wayzata Boulevard, Suite 130, Wayzata, MN 55391, for Defendants Clarence William Ramsey, III, and Shyrock MCA Holding, LLC.

Peter M. Waldeck, **WALDECK LAW FIRM P.A.**, 900 Second Avenue South, Suite 1575, Minneapolis, MN 55402, for Defendants Calhoun Realty Company and Manoj Moorjani.

Brent Joseph Johnson, 3312 Pillsbury Avenue South, Apartment 202, Minneapolis, MN 55408, *pro se* Defendant.

This case arises out of a dispute over the sale of a business, in which the purchasers—Plaintiffs Thanh Tam Nguyen ("Tam") and MDA LLC ("MDA")—allege violations under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), wire fraud, fraudulent misrepresentation, negligent misrepresentation, breach of contract,

and other related state law claims. Defendants Clarence Ramsey and Shyrock MCA Holding, LLC ("Shyrock," together with Ramsey, "Shyrock Defendants") answered the complaint. Shyrock has brought an amended counterclaim, seeking a declaratory judgment regarding the construction and effect of a promissory note executed by MDA and personally guaranteed by Tam. Plaintiffs now move to dismiss Shyrock's amended counterclaim under Rules 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure. Because Shyrock's amended counterclaim is not ripe, the Court will grant Plaintiffs' motion to dismiss to the extent it seeks dismissal of Shyrock's amended counterclaim and will dismiss the counterclaim without prejudice for lack of subject-matter jurisdiction.

**BACKGROUND**

**I.    FACTUAL BACKGROUND**

The Court extensively recounted the factual background of this business dispute in a previous Order, and the Court will not recount it comprehensively again here. *See Nguyen v. Ramsey*, Civ. No. 25-1750, 2026 WL 113477, at *1–4 (D. Minn. Jan. 13, 2026). The Court will merely detail factual allegations relevant to Shyrock's amended counterclaim and Plaintiffs' present motion to dismiss.

On February 21, 2025, Plaintiffs purchased Mill City Anesthesia ("Mill City"), which provides on-site dental anesthesia services, from the Shyrock Defendants for $850,000. *Id.* at *1, *4. To facilitate the purchase, MDA obtained a $734,000 loan from First Bank of the Lake, which was guaranteed by the United States Small Business Administration.

2

(Answer & Am. Countercl. at 17 (¶ 5), Feb. 5, 2026, Docket No. 48; *see also id.*, Ex. A at 2 (indicating the amount of the loan).)[1]

In addition to the SBA Loan, MDA executed a promissory note in the amount of $85,000.  (*Id*. at 17 (¶ 5), Ex. A at 9–11 ("Buyer Note").)  The Buyer Note promises that MDA (the "Borrower") will pay Mill City or its "successors and assigns" (the "Holder") a principal amount of $85,000 with interest.  (*Id*., Ex. A at 9.)[2]  The Buyer Note includes a standby clause which provides that interest accrues for the first two years of the loan, but MDA has no obligation to make payments during that time.  (*Id*.)  The Buyer Note requires MDA to provide Mill City with annual tax returns as well as monthly financial statements. (*Id*.)  If MDA defaults, it must pay reasonable attorney's fees incurred to enforce the contract.  (*Id*., Ex. A at 10.)  The Buyer Note also confirms that repayment of the $85,000 loan is subordinate to repayment of the SBA Loan, pursuant to a subordination agreement. (*Id*., Ex. A at 9.)

In addition to the Buyer Note, MDA and Nguyen entered into a Debt and Lien Subordination Agreement.  (*Id.* at 17 (¶ 5), Ex. A at 1–8 ("Subordination Agreement").) The Subordination Agreement lists MDA as the "Borrower," Nguyen as a "Guarantor,"

---

[1] The Amended Counterclaim paragraph numbering begins on page 16 of the Answer and Amended Counterclaim.

[2] Shyrock asserts that Mill City's "interest in the Buyer Note and guaranty" has been assigned to Shyrock.  (Defs' Mem. Opp'n. Mot. Dismiss at 11–12, Mar. 5, 2026, Docket No. 54.) The Court declines to resolve this factual issue at this time because the Court will resolve Plaintiffs' motion on ripeness grounds.

Mill City as the "Creditor," and First Bank of the Lake as the "Lender."[3] (*Id.*, Ex. A at 1.)

Shyrock is not listed as a party to the Subordination Agreement.

The Subordination Agreement stipulates that the $85,000 Buyer Note is subordinate to the $734,000 SBA Loan. (*Id.*, Ex. A at 1–2.) While the Buyer Note indicates that payment need not be made on the Buyer Note for the first two years (Buyer Note, Ex. A at 1), the Subordination Agreement provides that "[n]o payments of any kind may be made" on the Buyer Note for the first two years of the SBA Loan's term (Subordination Agreement, Ex. A at 2). According to the Subordination Agreement, this two-year standby period allegedly concludes on March 1, 2027. (*Id.*) At that time, MDA may begin making payments on the Buyer Note only if two conditions are met. (*Id.*) First, MDA is not default under the terms of the SBA loan. (*Id.*) Second, MDA "has achieved at least 1.25x debt service coverage for two (2) years consecutive full fiscal years based on fiscal year end numbers on filed federal income tax returns[.]" (*Id.*)

## II. PROCEDURAL BACKGROUND

Plaintiffs initiated this action on April 28, 2025. (Compl., Apr. 28, 2025, Docket No. 1.) Following the Court's ruling on the Shyrock Defendants' motion to dismiss,[4] the Shyrock Defendants answered Plaintiffs' Complaint on January 28, 2026, and Shyrock

---

[3] MDI Consultant LLC and Hung C. Le are also listed as guarantors in the Subordination Agreement. (Subordination Agreement, Ex. A at 2.) Such parties are neither parties to this litigation nor are they relevant to the present motion.

[4] *See Nguyen*, 2026 WL 113477.

asserted a counterclaim, alleging that Plaintiffs breached its obligations under the Buyer Note.  (Answer & Countercl. at 17, Jan. 28, 2026, Docket No. 47.)  Shyrock claimed that Plaintiffs were liable for $85,000 of principal, plus late fees, interest, costs, and disbursements.  (*Id.*)

On February 5, 2026, Shyrock amended its counterclaim, withdrawing its breach of contract counterclaim and adding a request for declaratory relief.  (*See* Answer & Am. Countercl. at 16–19.)  Shyrock seeks a declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201, that:

> (a) the Buyer Note and guaranty is a valid and binding obligation of [Plaintiffs]; (b) no amount is currently due under the Buyer Note and guaranty unless and until the SBA Loan is satisfied; and (c) upon satisfaction of the SBA Loan, [Plaintiffs] are obligated to pay to [Shyrock] the principal amount of $85,000 in accordance with the terms of the Buyer Note, together with applicable contractual interest and fees, to be determined by the written terms of the Buyer Note and guaranty.

(*Id.* at 19.)

Plaintiffs now move to dismiss Shyrock's amended counterclaim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and Rule 12(b)(7) for failure to join a required party under Rule 19.  (Pls.' Mot. to Dismiss Am. Countercl., Feb. 24, 2026, Docket No. 49.)

## DISCUSSION

Plaintiffs raise two principal arguments in support of their motion.  First, Shyrock lacks standing to pursue its declaratory relief claim because the claim is not ripe.  Second,

Shyrock failed to join a necessary party—namely, First Bank of the Lake.  Although

Plaintiffs bring their motion under Rule 12(b)(6) for failure to state a claim and Rule

12(b)(7) for failure to join a required party, their primary challenge concerns whether the

Court has jurisdiction over Shyrock's amended counterclaim.  The Court will therefore

construe Plaintiffs' motion as one brought under Rule 12(b)(1) for lack of subject-matter

jurisdiction.  Because the Court concludes that subject-matter jurisdiction is lacking, the

claim will be dismissed.

## I.    STANDARD OF REVIEW

A Rule 12(b)(1) motion challenges the Court's subject-matter jurisdiction, including

for lack of standing, and "requires the Court to examine whether it has authority to decide

the claims." *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013).  The party

seeking to invoke a federal court's subject-matter jurisdiction bears the burden of

showing that the court has jurisdiction.  *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817,

822 (8th Cir. 2011).  A court must dismiss an action if it lacks subject-matter jurisdiction.

Fed. R. Civ. P. 12(h)(3).

## II.    ANALYSIS

In its counterclaim, Shryock is seeking a declaration under the Declaratory

Judgment Act, 28 U.S.C. § 2201, related to Plaintiffs' obligations with respect to the Buyer

Note.  The question presented is whether Shyrock's claim for declaratory relief is ripe for

judicial review.

6

The Declaratory Judgment Act states that a court "[i]n a case of actual controversy within its jurisdiction . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  A "case of actual controversy" refers to any case and controversy justiciable under Article III of the United States Constitution.  *Maytag Corp. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.,* 687 F.3d 1076, 1081 (8th Cir. 2012).  "There must be a concrete dispute between parties having adverse legal interests, and the [party seeking] declaratory judgment . . . must seek 'specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"  *Id*. (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241 (1937)).  Put differently, in declaratory judgment actions, the case-or-controversy requirement is satisfied if "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007) (citation omitted).

The ripeness doctrine applies to actions for declaratory judgment.  *Pub. Water Supply, Dist. No. 8 v. City of Kearney, Mo.*, 401 F.3d 930, 932 (8th Cir. 2005).  To evaluate whether a case is ripe, the Court must evaluate two factors: the "fitness of the issues for judicial decision," and "the hardship to the parties of withholding court consideration."  *Parrish v. Dayton*, 761 F.3d 873, 875 (8th Cir. 2014) (quoting *Neb. Pub. Power Dist. v.*

*MidAmerican Energy Co.*, 234 F.3d 1032, 1038 (8ᵗʰ Cir.2000)).  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Id.* at 875–76 (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).  But if an injury is "certainly impending, that is enough" to show that a claim is ripe.  *Id.* at 876 (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)).  The ripeness inquiry in a declaratory judgment action "is a question of degree."  *Pub. Water Supply*, 401 F.3d at 932.  "Whether a case is ripe depends on the state of the case at the time of review, not at the time of filing."  *Id.*

After careful review of the pleadings and the parties' arguments, the Court will dismiss Shyrock's amended counterclaim because it is not ripe.  The Court reaches this conclusion for at least two reasons.[5]

**First**, MDA is prohibited from making any payments on the Buyer Note until at least March 1, 2027.  The "PAYMENTS TO CREDITOR" section of Subordination Agreement expressly provides that "[n]o payments of any kind may be made or received on the

---

[5] Shyrock alleges that MDA breached its contractual obligations by failing to provide monthly financial statements and annual tax returns.  (Answer & Am. Countercl. at 18–19.) However, Shyrock does not rely on those allegations in the section titled, "Count I: Declaratory Judgment" (*id.* at 19) nor does it plead those allegations in a separate breach-of-contract claim. Because Shyrock does not seek relief for this alleged breach, the Court will not consider those allegations when assessing ripeness.  In any event, Plaintiffs represent that MDA produced the documents to Shyrock on February 17, 2026, which likely renders any claim based on the alleged failure to provide those documents moot.  (*See* Pls.' Reply Mem. Supp. Mot. Dismiss at 5 n.3, Mar. 18, 2026, Docket No. 56.)  To the extent Shyrock intends to pursue a cause of action arising from MDA's alleged failure to provide documents required under the governing agreements, it may seek leave to amend its pleading to assert a separate claim based on those allegations.

Subordinated Indebtedness for the first two (2) years of the term of the Superior Indebtedness" and "[c]ommencing on March 1, 2027," MDA may begin making payments on the Buyer Note so long as certain conditions are met.  (Subordination Agreement, Ex. A at 2.)  Thus, at minimum, no payment can occur before March 1, 2027.

**Second**, and more importantly, March 1, 2027, is not a payment date.  It is merely the earliest possible date on which payment could be made.  Under the Subordination Agreement, MDA may make payments on the Buyer Note only if two independent conditions precedent are satisfied: (1) MDA is not in default under the SBA loan, and (2) MDA has achieved a debt service coverage ratio of at least 1.25x for two consecutive fiscal years.  (*Id.*)

It is undisputed that neither condition has occurred.  Indeed, there is presently no basis to conclude when—or even whether—those conditions will be satisfied.  As a result, MDA's ability to make payments on the Buyer Note remains entirely contingent and speculative.  As the Supreme Court has explained, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted).  That is precisely the situation here.  The Subordination Agreement does not merely postpone payment until a specific date; it conditions payment on future events that may never occur.  Accordingly, any alleged injury is not "certainly impending," and the claim therefore is not ripe.  *Parrish*, 761 F.3d at 876.

9

Because the parties' obligations depend on the occurrence of future contingent events, any declaration from this Court would amount to an advisory opinion.  The Supreme Court has long made clear that the declaratory judgment procedure "may not be made the medium for securing an advisory opinion in a controversy which has not arisen."  *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945).  Accordingly, the Court declines to offer an advisory opinion here.

In response to Plaintiffs' ripeness argument, Shyrock argues that it is required to bring this claim under Federal Rule of Civil Procedure 13(a).  Rule 13(a) provides that a "pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."  Fed. R. Civ. P. 13(a).  Shyrock's argument fails.  Even if Shyrock's counterclaim meets Rule 13(a)'s requirements and is therefore compulsory, the Court may consider the claim only if subject-matter jurisdiction exists.  Rule 13(a)—or any federal procedural rule, for that matter—does not expand Article III's case or controversy requirement.  Fed. R. Civ. P. 82 (noting that the Federal Rules of Civil Procedure "do not extend or limit the jurisdiction of the district courts").  Accordingly, Shyrock's reliance on Rule 13 is misplaced.

In sum, Shyrock's amended counterclaim amounts to a "dispute about future events that may never occur" and is therefore "not fit for judicial decision."  *WinRed, Inc.*

10

*v. Ellison*, 59 F.4th 934, 941 n.8 (8ᵗʰ Cir. 2023) (cleaned up).  The Court will, therefore, grant Plaintiffs' motion to dismiss to the extent it seeks dismissal of Shyrock's amended counterclaim.  The Court will, however, dismiss Shyrock's amended counterclaim **without** prejudice for lack of subject-matter jurisdiction.  *See Cnty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8ᵗʰ Cir. 2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent.").[6]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs Thanh Tam Nguyen and MDA, LLC's Motion to Dismiss Amended Counterclaim (Docket No. [49]) is **GRANTED in part**.  Shyrock's Amended Counterclaim (Count I: Declaratory Judgment) is **DISMISSED without prejudice.**

DATED:  June 23, 2026          _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
                                            United States District Judge

---

[6] Because the Court will dismiss Shyrock's amended counterclaim without prejudice for lack of subject-matter jurisdiction, the Court need not consider whether First Bank of the Lake is a required party under Federal Rule of Civil Procedure 19.